35521. HARWICK *v.* WEBB.

QUILLIAN, J. 1. On the trial of an action to recover for laying certain flooring and tile, evidence of the agreed price at which the work was to be done in a good workmanlike manner, and evidence of the credits due the defendant, furnishes sufficient data to the judge, trying the case without the intervention of a jury, from which to calculate the amount that the defendant is due the plaintiff for the work. This is true even though the plaintiff's evidence is too vague to show the credits and that information is supplied by the defendant's testimony. In such circumstances a judgment for the agreed price minus the credits shown is supported by evidence.

2. Where a plaintiff sues for the agreed price of certain work done for the defendant, the defendant files a plea of recoupment setting up that the plaintiff's failure to do the work in a proper manner had damaged his property, and where from the proof offered it appears that the defendant was perhaps right, that is, that probably a part of the plaintiff's work had not been done skillfully, and that some damage had resulted to the defendant, it is entirely within the province of the trial judge, trying the case without a jury, to award to the defendant such amount of damages as he appeared to be entitled to. The court in trying the issue is not compelled to accept all of the plaintiff's testimony nor to accept the defendant's evidence in its entirety. The trial judge can accept so much of each as he deems entitled to credit, and, making deductions from both, reach a conclusion and enter a judgment not contended for by either the plaintiff or the defendant. This is particularly true here, since the amount of damages sustained by the defendant was shown by the estimate of witnesses, and the opinions of these witnesses was not binding upon the court as a trior of fact.

3. The special grounds of the motion for new trial are but elaborations of the general grounds and are without merit.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED FEBRUARY 23, 1955.

*Charles W. Bergman, W. Owen Slate,* for plaintiff in error. *Poole, Pearce & Hall,* contra.